UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>PATRICK JACKS,<br>    Defendant. | Case No. 12-cr-00248-PJH-4<br><br>**ORDER DENYING REQUEST FOR HALFWAY HOUSE PLACEMENT RECOMMENDATION**<br><br>Re: Docket No. 201 |

Defendant Patrick Jacks, appearing pro se, has filed a request for a recommendation by the court for halfway house placement for 12 months for rehabilitation and reentry into society. Doc. no. 201. The court DENIES the request for the following reasons.

On October 3, 2012, defendant pleaded guilty to Count Two, conspiracy to commit robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a), and Count Three, possession of firearm during and in relation to and in furtherance of a crime of violence and drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), of the indictment. On January 15, 2013, the court sentenced defendant to a term of 30 months imprisonment as to Count Two and 60 months imprisonment as to Count Three, to be served consecutively, for a total term of imprisonment of 90 months, plus a total term of supervised release of 5 years and a special assessment of $200. He now asks the court to recommend 12-month placement at a halfway house, in light of his and his family's circumstances.

The Ninth Circuit recognizes that "[t]he Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")).  The recommendations of the sentencing court to the BOP for where the sentence should be served are only given non-binding weight. *Id.* "'While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.'" *Id.* (quoting *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir. 1984) (per curiam)).

The BOP is authorized to "designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable," including halfway houses, i.e., residential reentry centers. *See Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008) ("Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment."). As a discretionary matter, the court declines to make a recommendation to the BOP concerning halfway house placement, more than three years after sentencing defendant, considering that the BOP is in a better position than the court to consider defendant's request in light of defendant's circumstances and the availability and suitability of halfway house facilities. The request for a recommendation to the BOP for halfway house placement is therefore DENIED.

**IT IS SO ORDERED.**

Dated: April 20, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

2